# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
FORREST Q. SPAHN,              *
                               *     No. 09-386V
            Petitioner,        *     Special Master Christian J. Moran
                               *
v.                             *     Filed: August 11, 2017
                               *
SECRETARY OF HEALTH            *     Costs; interim award;
AND HUMAN SERVICES,            *     reasonable basis, expert fee.
                               *
            Respondent.        *
* * * * * * * * * * * * * * * * * * * *
```

Paul Dannenberg, Huntington, VT, for petitioner;
Voris E. Johnson, Jr., United States Dep't of Justice, Washington, DC, for respondent.

### PUBLISHED DECISION GRANTING MOTION FOR AN
### AWARD OF COSTS ON AN INTERIM BASIS[1]

Forrest Spahn seeks an award of costs on an interim basis and the Secretary opposes that award. **He is awarded $14,650.00**.

### Background

Mr. Spahn's medical history and the procedural history have been set forth in earlier decisions and opinions by judicial officers. Spahn v. Sec'y of Health & Human Servs., No. 09-386V, 2014 WL 12721080 (Fed. Cl. Spec. Mstr. Sept. 11, 2014); Opinion and Order, filed July 27, 2017. Only the most relevant details are included in this decision.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

In preparation for entry into high school, Mr. Spahn saw a pediatrician for a physical in which no health concerns were identified and he received a dose of the tetanus-diphtheria ("Td") vaccine.  Late summer 2007, Mr. Spahn developed tics and subsequently met with a clinical psychologist who confirmed the tics and possible mild autism.  Mr. Spahn's condition continued to progress over the next several months culminating in a diagnosis of autistic spectrum disorder, obsessive compulsive disorder, and tic disorder.

On June 12, 2009, Mr. Spahn's mother filed a petition on his behalf alleging that the Td vaccination he received on June 17, 2007, resulted in Mr. Spahn developing tics.  After Mr. Spahn filed medical records, the Secretary filed his report, pursuant to Vaccine Rule 4, arguing that Mr. Spahn was not entitled to compensation because an expert had not opined that the Td vaccine caused his tics.  Therefore, Mr. Spahn was ordered to file an expert report.

The next several years proceeded with the parties filing several expert reports.  Mr. Spahn filed reports from two experts – Dr. Burk Jubelt, a neurologist, and Dr. H. Vasken Aposhian, a toxicologist.  The parties also engaged in settlement discussions and participated in alternative dispute resolution.  Ultimately, a resolution was not reached and the case was set for a hearing in November 2013.  The Secretary attempted to preempt this hearing by filing a motion for summary judgment on August 23, 2013.  Generally, the Secretary asserted that Mr. Spahn could not establish the reliability of the medical theories Dr. Jubelt and Dr. Aposhian set forth and, thus, a hearing was not appropriate.  Resp't's Mot. for Summ. J., filed July 23, 2013.  Mr. Spahn filed an opposition to the Secretary's motion on August 23, 2013, and the Secretary replied on September 12, 2013.

On August 30, 2013, Mr. Spahn filed the instant motion for an award of costs on an interim basis.  Mr. Spahn's motion requested $51,440.00, comprised of $3,900.00 as reimbursement for work done by Dr. Jubelt, $47,290.00 as reimbursement for work done by Dr. Aposhian, and $250.00 in costs personally incurred.  See Pet'r's Mot. for Interim Costs.  The Secretary objected, arguing that the petition lacked a reasonable basis and that Dr. Aposhian had billed an excessive number of hours.  See Resp't's Resp. to Pet'r's Mot. for Interim Costs, filed Sept. 12, 2013.  On June 3, 2014, Mr. Spahn filed a second motion requesting expedited payment of costs.  See Pet'r's Mot. for Expedited Payment of Costs.

2

The Secretary filed a response maintaining his position that because Mr. Spahn's claim lacked reasonable basis, Mr. Spahn was not entitled to an award of costs. Resp't's Resp. to Pet'r's Mot. for Expedited Payment of Costs, filed June 24, 2014.

Meanwhile, Mr. Spahn attempted to gather additional evidence. Because the evidence could influence the outcome of the Secretary's motion for summary judgment and Mr. Spahn's motion for interim costs, those motions were held in abeyance. On June 27, 2014, Mr. Spahn stated that he would not submit any additional evidence, making the Secretary's motion for summary judgment ripe for adjudication.

On September 11, 2014, the undersigned issued a decision granting the Secretary's motion for summary judgment and denying compensation. 2014 WL 12721080. Mr. Spahn filed a motion to redact the September 11, 2014 decision, to which the Secretary responded. The undersigned issued an order granting-in-part and denying-in-part Mr. Spahn's request for redaction. Order, filed Oct. 29, 2014.

Mr. Spahn filed a motion for review of the undersigned's September 11, 2014 decision granting the Secretary's motion for summary judgment and a motion for review of the undersigned's October 29, 2014 order granting-in-part and denying-in-part petitioner's motion to redact. The Secretary filed responses to both motions for review on November 10, 2014 and December 29, 2014, respectively.

The judge to whom the case was initially assigned heard oral argument on Mr. Spahn's motions on February 4, 2015. Over the next year, additional briefing was ordered. On May 18, 2017, Mr. Spahn filed a motion for leave to file new evidence to which the Secretary filed an opposition.

On July 27, 2017, the judge at the Court of Federal Claims to whom the case was recently re-assigned issued an Opinion and Order. The Opinion and Order denied Mr. Spahn's motion for review of the undersigned's September 11, 2014 decision denying compensation, denied Mr. Spahn's motion for review of the undersigned's October 29, 2014 order denying redaction in part, denied Mr. Spahn's motion for leave to file new evidence, and remanded the case back to the undersigned for resolution of the pending motions for costs for 90 days. Opinion and Order, filed July 27, 2017.

The matter is now ripe for adjudication.[2]

**<u>Analysis</u>**

Adjudicating a motion for an award of costs on an interim basis involves answering a series of sequential questions, each of which requires an affirmative answer to the previous question.[3]  First, whether the petitioner has submitted evidence that makes him eligible to receive an award of costs?  Second, whether, as a matter of discretion, the petitioner should be awarded his costs on an interim basis?  Third, what is a reasonable amount of costs?  These questions are addressed below.

## 1.  Eligibility for An Award of Costs

A petitioner who has not received compensation may be awarded "compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C. § 300aa-15(e)(1).

Respondent does not argue that Mr. Spahn lacks good faith, and there is no evidence to indicate he did not believe the claim is valid.  Thus, the undersigned finds the petition was brought in good faith.

On the other hand, the Secretary challenged reasonable basis.  In his motion for summary judgment and subsequent responses to Mr. Spahn's request for interim costs, the Secretary argued that Mr. Spahn's claim lacked a reasonable

---

[2] Although Mr. Spahn filed two motions, he seeks the same relief.

[3] Following the Court's July 27, 2017 Opinion and Order, the Court entered judgment on Mr. Spahn's petition.  Arguably, this turns Mr. Spahn's motion into a motion for final (not interim) costs.

However, the undersigned is treating the motion as one requesting interim costs because that is how Mr. Spahn filed it.  In addition, because Mr. Spahn has not yet sought attorney's fees, he is likely to file another motion, which will be for final fees.  Finally, given the outcome in this decision, classifying the decision as one for "interim" costs or "final" costs has no practical difference.

basis due to the unreliability of the medical theories presented.  See, e.g., Resp't's Resp. to Pet'r's Mot. for Expedited Payment of Costs.

The presiding judge, however, agreed with Mr. Spahn that the expert reports and supporting medical literature established the reasonable basis for bringing the claim.  Opinion and Order, at 25.  This finding of fact is binding.  Therefore, Mr. Spahn has satisfied the reasonable basis standard.

## 2. Appropriateness of an Interim Award

When a petitioner meets the eligibility requirements for an award of costs on an interim basis, the special master has discretion to make such an award.  See Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 92 (2016) (even after good faith and reasonable basis have been established, the special master must determine "whether to exercise his or her discretion to award attorneys' fees and costs"); cf. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008) (holding that even though permitted under the Vaccine Act, an interim award was not appropriate in that case).  When determining the appropriateness of an interim award, the Federal Circuit has considered such factors as protracted proceedings, costly experts, and undue hardship.  Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010); Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).

Here, the Secretary has not made any specific argument regarding the Avera factors.  The proceedings have already been protracted as Mr. Spahn filed this case in 2009, and filed motions for review in 2014, which were resolved in 2017.  Throughout the proceedings Mr. Spahn's counsel filed medical records and expert reports, participated in settlement negotiations, filed pre-hearing briefs, presented an oral argument, and filed supplemental briefs.  The presiding judge found that counsel was "diligent in prosecuting this matter."  Opinion and Order, at 25 n.8.  For these reasons, an interim award is appropriate.

5

### 3.  Reasonableness of Requested Amounts

Mr. Spahn requests a total of $51,440.00 for costs related to experts plus $250.00 in costs incurred personally by Mr. Spahn.  Mr. Spahn's personally incurred costs are reasonable.

The statutory requirement that only reasonable amounts be awarded applies to costs.  See Perriera v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Reasonable expert costs are calculated using the same lodestar method as is used when calculating attorneys' fees.  Masias v. Sec'y of Health & Human Servs., No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009).

Dr. Burk Jubelt is a board-certified neurologist and professor of neurology, microbiology/immunology, and neuroscience at SUNY Upstate Medical University.  He has authored over 170 articles, papers, and book chapters, has received numerous research grants, and has participated in several professional activities over his career.  Exhibit 14.  Dr. Jubelt's proposed rate of $300 per hour is accepted as reasonable.  With respect to the number of hours, Dr. Jubelt's charge of 13 hours is also reasonable.  The Secretary did not object to the amount requested by Dr. Jubelt.  Resp't's Resp., filed Sept. 12, 2013, at 2.  Dr. Jubelt's costs of $3,900.00 are awarded in full.

Dr. Aposhian is an emeritus professor of molecular and cellular biology at the College of Science University of Arizona and an emeritus professor of pharmacology at the College of Medicine University of Arizona.  During his career, Dr. Aposhian has written over 100 papers and abstracts in toxicology and microbiology and received several awards in the field.  He retired in 2008.  Exhibits 21-22.  Although Dr. Aposhian is a pharmacologist, he is not a medical doctor.  Exhibit 21; see also Hazlehurst v. Sec'y of Health & Human Servs., No. 03-654V, 2009 WL 332306, at *5 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), mot. for rev. denied, 88 Fed. Cl. 473 (2009), aff'd, 604 F.3d 1343 (Fed. Cir. 2010).

Dr. Aposhian proposed a rate of $500 per hour for 94.5 hours (plus 5 minutes) of work totaling $47,290.00.  The Secretary challenged the reasonableness of the hours billed by Dr. Aposhian, arguing that the time spent was excessive when compared to the literature reviewed and length of the report produced.  Resp't's Resp., at 2.  Dr. Aposhian testified on behalf of petitioners in

6

the Omnibus Autism Proceeding (OAP). However, the special masters largely discredited his opinions and distinguished him from board-certified medical toxicologists. See, e.g., Hazlehurst, 2009 WL 332306, at *5, *8.

With respect to a reasonable hourly rate, Mr. Spahn did not present any evidence. While Dr. Aposhian has provided opinions previously in Vaccine Program cases, his actual compensation rate is unknown. See King v. Sec'y of Health & Human Servs., No. 03–584V, 2009 WL 2252534, at *5 n.9 (Fed. Cl. Spec. Mstr. July 10, 2009). In the absence of evidence from Mr. Spahn, the undersigned may rely on his experience to find a reasonable rate. Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993).

The undersigned conducted an independent review of toxicologist rates. Based on this review, the undersigned's experience in determining reasonable hourly rates for a variety of experts, and the quality of Dr. Aposhian's work in presenting an opinion that did not withstand a motion for summary judgment, a reasonable rate is $350 per hour. See Frederick v. Columbia Univ., 212 F.R.D. 176, 177 (S.D.N.Y. 2003) (awarding toxicologist with a medical degree $375 per hour).

With respect to a reasonable number of hours, the undersigned finds the Secretary's critique that Dr. Aposhian spent an excessive amount of time persuasive. Dr. Aposhian's report was nine substantive pages and cited 30 references. An expert with Dr. Aposhian's background, including his previous testimony about mercury in the OAP, should not require this much time. Based on the undersigned's experience, the number of hours is reduced to 30, which is still more than twice as many hours billed by Dr. Jubelt.

For Dr. Aposhian's services, a reasonable amount of compensation is **$10,500.00**.

## **Conclusion**

The undersigned finds an interim award of costs appropriate at this time. Mr. Spahn is awarded **$14,650.00** as reimbursement for costs. Accordingly, the undersigned awards:

    **a.  A lump sum of $14,400.00 in the form of a check made payable to petitioner and petitioner's attorney, Paul Dannenberg.**

    **b.  A lump sum of $250.00 in the form of a check made payable to Forrest Spahn for costs personally incurred in pursuit of this litigation.**

The Clerk's Office is instructed to issue judgment in accord with this decision.  Pursuant to Vaccine Rule 28.1(a), the Clerk's Office is also instructed to transmit this decision to the presiding judge.[4]

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.