# In the United States Court of Federal Claims

No. 09-386V
Filed Under Seal: June 6, 2018
Reissued For Publication: July 9, 2018*

|  |  |  |
|---|---|---|
| FORREST Q. SPAHN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | National Childhood Vaccine Injury Act, |
| v. | ) | 42 U.S.C. § 300aa–1 to –34 (2012); |
| | ) | Vaccine Rule 8; Attorney's Fees; Waiver. |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

*Paul S. Dannenberg*, *Esq.*, Counsel of Record, Huntington, VT, for petitioner.

*Voris E. Johnson, Jr.*, Senior Trial Attorney, *Heather L. Pearlman*, Assistant Director, *Catharine E. Reeves*, Deputy Director, *C. Salvatore D'Alessio*, Acting Director, *Chad A. Readler*, Acting Assistant Attorney General, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.    INTRODUCTION

Respondent, the Secretary of Health and Human Services (the "Secretary"), seeks review of the December 13, 2017, decision of the special master awarding attorneys' fees and costs in the amount of $162,044.12 to petitioner, pursuant to Section 15(e) of the National Childhood Vaccine Injury Act ("Vaccine Act"). 42 U.S.C. § 300aa–15(e). For the reasons set forth below, the Court: **GRANTS-IN-PART** and **DENIES-IN-PART** the Secretary's motion for review of

---

* This Memorandum Opinion and Order was originally filed under seal on June 6, 2018 (docket entry no. 188). The parties were given an opportunity to advise the Court, by July 6, 2018, of their views with respect to what information, if any, should be redacted. The parties filed a joint status report on July 5, 2018 (docket entry no. 190), in which petitioner requested certain redactions which the Court has adopted. And so, the Court reissues the Memorandum Opinion and Order dated June 6, 2018, with the agreed upon redactions indicated by three consecutive asterisks within brackets ([***]).

the special master's December 13, 2017, decision and **SUSTAINS** the decision of the special master.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

#### 1.  Case Overview

In this Vaccine Act matter, petitioner, Forrest Q. Spahn, alleges that the tetanus-diphtheria ("Td") vaccine that he received on June 19, 2007, caused a significant aggravation of his [***].  *See Spahn v. Sec'y of HHS,* 133 Fed. Cl. 588, 591 (2017); *see generally* Petition.  The relevant facts and medical history regarding petitioner's Vaccine Act claim are set forth in the Court's July 27, 2017, decision denying petitioner's previous motions for review in this matter and remanding this case to the special master.  *See Spahn*, 133 Fed Cl. at 591-95.

Specifically relevant to the current dispute, on September 11, 2014, the special master granted the Secretary's motion for summary judgment and dismissed petitioner's claim.  *See Spahn v. Sec'y of HHS*, No. 9-386V, 2014 WL 12721080, at *19 (Fed. Cl. Spec. Mstr. Sept. 11, 2014).  Petitioner, subsequently, filed a motion for review of, among other things, the special master's dismissal decision.  *See* Pet'r Mot. for Rev.

On July 27, 2017, the Court:  (1) denied petitioner's motion for review and sustained the September 11, 2014, decision of the special master; (2) denied petitioner's motion for review of the special master's October 29, 2014, decision on petitioner's motion to redact certain information from the special master's September 11, 2014, decision and sustained the decision of the special master; (3) denied petitioner's motion for leave to file new evidence; and (4) remanded this case to the special master, for a period of 90 days, for the special master to resolve petitioner's pending motions for fees and costs.  *See Spahn*, 133 Fed. Cl. at 606-07.

---

[1] The facts recounted in this Memorandum Opinion and Order are taken from the petitioner's motion for attorneys' fees ("Pet'r Mot. for Att'y Fees"); the Secretary's response to petitioner's motion for attorneys' fees ("Resp't Resp. to Pet'r Mot. for Att'y Fees"); the special master's December 13, 2017, Decision ("December 13, 2017, Decision"); and the Court's July 27, 2017, Decision ("July 27, 2017, Decision").  Except where otherwise noted, the facts recited herein are undisputed.

During the remand proceedings before the special master, the special master awarded petitioner interim attorneys' fees and costs in the amount of $14,650.00, on September 14, 2017. *See generally* Judgment.

On October 11, 2017, petitioner filed an application for attorneys' fees and costs. *See generally* Pet'r Mot. for Att'y Fees.  In the application, petitioner requested attorneys' fees and costs in the amount of $162,044.12. *Id.*  In support of the application, petitioner also filed exhibits explaining the amount of attorney hours expended, the costs incurred, and the applicable attorney hourly rates. *See id.* at 2, Ex. 3-5.  Petitioner also submitted affidavits from his attorney in support of the attorney's legal experience and hourly rates, as well as affidavits from other practicing attorneys in same jurisdiction, attesting to the average hourly rate within the area. *See id.* at Ex. 1-2.

On October 20, 2017, the Secretary filed a response to petitioner's motion for attorneys' fees and costs. *See* Resp't Resp. to Pet'r Mot. for Att'y Fees.  In the response, the Secretary argued that both the Vaccine Act and the Vaccine Rules require the special master to make a reasonableness determination before awarding attorneys' fees and costs, and that neither the Vaccine Act nor the Vaccine Rules contemplate "any role for respondent in the resolution of a request by petitioner for an award of attorneys' fees and costs." *See id.* at 1-2.

In addition, the Secretary stated that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *See id.* at 2.  And so, the Secretary recommended that the special master "exercise his discretion and determine a reasonable award for attorneys' fees and costs." *See id.* at 3.

### 2. The Special Master's December 13, 2017, Decision

On December 13, 2017, the special master issued a decision awarding attorneys' fees and costs in the amount of $162,044.12 to petitioner (the "December 13, 2017, Decision"). *See generally Spahn v. Sec'y of HHS*, No. 9-386V, 2017 WL 6945560 (Fed. Cl. Spec. Mstr. Dec. 13, 2017).  In the decision, the special master found that petitioner was eligible for an award of attorneys' fees and costs, because there was a reasonable basis for petitioner's Vaccine Act claim and petitioner brought the claim in good faith. *See id.* at *1.

Based upon the rationale articulated in *Swintosky v. Sec'y of Health and Human Servs.*, the special master also determined that the Secretary "waived any objections to the amount of fees requested," because the Secretary did not raise any objection to the fees and costs requested by petitioner and the Secretary recommended the special master "'exercise his discretion'" in determining the reasonableness of the award without raising "any specific objections." *See id.*; *see also Swintosky v. Sec'y of HHS*, No. 12-403V, 2017 WL 5899239, at *2, *6 (Fed. Cl. Spec. Mstr. Nov. 6, 2017).[2] The special master did not address whether the amount of attorneys' fees and costs requested by petitioner were reasonable. *See* Pet'r Resp. to Resp't Mot. for Rev. at 1; *see generally Spahn*, No. 9-386V, 2017 WL 6945560. Nonetheless, the special master granted in full petitioner's request for $162,044.12 in attorneys' fees and costs. *See Spahn*, No. 9-386V, 2017 WL 6945560, at *1.

The Secretary, alleging error, seeks review of the special master's decision.

### B.  Relevant Procedural History

The extensive procedural history for this matter is set forth in the Court's July 27, 2017, Memorandum Opinion and Order. *See Spahn*, 133 Fed. Cl. at 595. Specifically relevant to the motion under review, the Secretary filed a motion for review of the special master's December 13, 2017, Decision on January 12, 2018, as well as a memorandum in support thereof. *See* Resp't Mot. for Rev. Petitioner filed a response and opposition to the Secretary's motion for review on February 11, 2018. *See* Pet'r Resp. to Resp't Mot. for Rev.

On February 28, 2018, the Court ordered the parties to file supplemental briefs on whether any or all of the arguments raised in the Secretary's motion for review have been waived pursuant to Vaccine Rule 8(f). *See* Order, Feb. 28, 2018. The Secretary filed a supplemental brief on March 30, 2018. *See* Resp't Supp. Br. Petitioner filed a response to the Secretary's supplemental brief on April 28, 2018. *See* Pet'r Resp. to Resp't Supp. Br.

---

[2] In *Swintosky,* the special master granted in full the petitioner's application for attorneys' fees and costs after finding that the Secretary intentionally followed "a practice of not presenting objections" to fee applications. *Swintosky v. Sec'y of HHS*, No 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017), at *6. The special master also concluded that the Secretary's failure to raise any objection to petitioner's fee application "could be interpreted as a waiver" and the special master found that he was not required to "challenge fee applications *sua sponte*." *See id.* at *5.

The motion for review having been fully briefed, the Court resolves the pending motion.

## III.   LEGAL STANDARDS

### A.   Vaccine Act Claims

The United States Court of Federal Claims has jurisdiction to review the record of the proceedings before a special master and, upon such review, may:

(A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,

(B) set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or

(C) remand the petition to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa–12(e)(2).  The special master's determinations of law are reviewed *de novo*. *Andreu ex rel. Andreu v. Sec'y of HHS*, 569 F.3d 1367, 1373 (Fed. Cir. 2009).  The special master's findings of fact are reviewed for clear error.  *Id*. (citation omitted); *see also Broekelschen v. Sec'y of HHS*, 618 F.3d 1339, 1345 (Fed. Cir. 2010) ("We uphold the special master's findings of fact unless they are arbitrary or capricious.").  The special master's discretionary rulings are reviewed for abuse of discretion.  *Munn v. Sec'y of HHS*, 970 F.2d 863, 870 n.10 (Fed. Cir. 1992).

In this regard, the Court has held that the applicable standard of review in Vaccine Act cases challenging a special master's determination regarding reasonable attorneys' fees is abuse of discretion.  *Scharfenberger v. Sec'y of HHS*, 124 Fed. Cl. 225, 231 (2015); *Dominguez v. Sec'y of HHS*, 136 Fed. Cl. 779, 2018 WL 1514447 (2018).  This Court will find an abuse of discretion only where the special master's decision is clearly unreasonable, based upon an erroneous conclusion of law, rests on erroneous fact finding, or based on a record without evidence to support the special master's decision.  *See Ninestar Tech. Co. v. ITC*, 667 F.3d 1373, 1379 (Fed. Cir. 2012) (quoting *Genentech, Inc. v. ITC*, 122 F.3d 1409, 1415 (Fed. Cir. 1997)).

In addition, when disputing a special master's determination, this Court requires particular, factual demonstrations of error in the special master's conclusions.  *See Davis v. Sec'y*

5

*of HHS*, 105 Fed. Cl. 627, 639 (2012) ("[G]eneric statements cannot substitute for a factual showing of how the special master allegedly abused his discretion . . . .").

In addition, a special master's findings regarding the probative value of the evidence and the credibility of witnesses will not be disturbed so long as they are "supported by substantial evidence." *Doe v. Sec'y of HHS*, 601 F.3d 1349, 1355 (Fed. Cir. 2010) (citation omitted); *see also Burns v. Sec'y of HHS*, 3 F.3d 415, 417 (Fed. Cir. 1993) (holding that the decision of whether to accord greater weight to contemporaneous medical records or later given testimony is "uniquely within the purview of the special master"). This "level of deference is especially apt in a case in which the medical evidence of causation is in dispute." *Hodges v. Sec'y of HHS*, 9 F.3d 958, 961 (Fed. Cir. 1993). And so, the Court will not substitute its judgment for that of the special master, "if the special master has considered all relevant factors, and has made no clear error of judgment." *Lonergan v. Sec'y of HHS*, 27 Fed. Cl. 579, 580 (1993).

## B.    Section 15(e)

Section 15(e)(1) of the Vaccine Act governs the award of attorneys' fees and costs in Vaccine Act matters.[3]  42 U.S.C. § 300aa-15(e)(1).  When a special master awards compensation to a petitioner pursuant to Section 15(e), the Vaccine Act directs the special master to award "reasonable attorneys' fees, and other costs, incurred in any proceeding on such petition. . . ." *Id.* If the petitioner does not prevail on his or her claim—and is, thus, denied compensation—the special master "may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master

---

[3] Section 15(e)(1) provides that:

> In awarding compensation on a petition filed under section 300aa-11 of this title the special master or court shall also award as part of such compensation an amount to cover–
>
> > (A) reasonable attorneys' fees, and
> >
> > (B) other costs,
>
> incurred in any proceeding on such petition.  If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

42 U.S.C. § 300aa-15(e)(1).

or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." *Id.*; *see also Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013); *Saxton v. Sec'y of HHS*, 3 F.3d 1517, 1520 (Fed. Cir. 1993). And so, the Vaccine Act affords the special master discretion regarding whether to award attorneys' fees and costs when the special master denies compensation. *Saxton*, 3 F.3d at 1520.

Within the context of a petition brought under the Vaccine Act, "good faith" is a subjective standard, and the Court has held that the good faith standard focuses on whether the petitioner "honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of HHS*, No. 99-544V, 2007 WL 5180524, at *2 (Fed. Cl. Aug. 31, 2007) (citing *Di Roma v. Sec'y of HHS*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). With respect to determining whether "there was a reasonable basis for the claim," this Court has also held that a petitioner must prove, by "something less than preponderant evidence," that he or she had a reasonable basis for filing the claim. *Chuisano v. United States*, 116 Fed. Cl. 276, 289 (2014); *McKellar v. Sec'y of HHS*, 101 Fed. Cl. 297, 305 (2011). But, "[n]either the Federal Circuit nor this Court has had occasion to define . . . 'reasonable basis' for purposes of fee awards under the Vaccine Act." *Woods v. Sec'y of HHS*, 105 Fed. Cl. 148, 153 (2012); *see also Chuisano*, 116 Fed. Cl. at 285 (holding that the reasonable basis standard is "amorphous" and "not rigidly defined").[4]

In addition, the burden is initially placed upon the petitioner to provide "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541 (1984); *see also Wasson v. Sec'y of HHS*, 24 Cl. Ct. 482, 484, *aff'd*, 988 F.2d 131 (Fed. Cir. 1993) ("The petitioner bears the burden of establishing the hours expended, the rates charged, and the expenses incurred.") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983)); *Torday v. Sec'y of HHS*, No. 07–372V, 2011 WL 2680687, at *7 (Fed. Cl.

---

[4] This Court has looked to the totality of the circumstances to determine whether a petitioner's claim had a reasonable basis at the time the petition was filed. *Simmons v. Sec'y of HHS*, 128 Fed. Cl. 579, 583 (2016) (applying a totality of the circumstances test in reviewing reasonable basis of claim); *McKellar v. Sec'y of HHS*, 101 Fed. Cl. 297, 303 (2011) ("The presence of a reasonable basis is an objective consideration determined by the totality of the circumstances.") (citation omitted).

Spec. Mstr. Apr. 7, 2011) (citation omitted) ("[I]t is clear that petitioner bears the burden of proof, and respondent in fact is not required to make any objection for the special master to deny fees and costs . . . ."). "In determining attorneys' fees, the special master is not limited to the objections raised by respondent." *Lamar v. Sec'y of HHS*, No. 99–583V, 2008 WL 3845165, at *5 (Fed. Cl. Spec. Mstr. July 30, 2008) (citing *Moorhead v. United States*, 18 Cl. Ct. 849, 854 (1989)).

To calculate such fees, the United States Court of Appeals for the Federal Circuit has endorsed the lodestar method. *See Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008); *Scharfenberger,* 124 Fed. Cl. at 231; *Dominguez*, 2018 WL 1514447, at *3. Under the lodestar method, a special master first determines an initial estimate of reasonable fees by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Avera*, 515 F.3d at 1347-48. After making the initial estimate, the special master "may then make an upward or downward departure to the fee award based on other specific findings." *Id.* at 1348. And so, special masters are given "reasonably broad discretion when calculating [awards of attorneys' fees and expenses]." *Wasson*, 24 Cl. Ct. at 483 (citing *Hensley*, 461 U.S. at 437); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558, 130 S. Ct. 1662, 176 L.Ed.2d 494 (2010) (internal quotation marks omitted) (holding that the determination of reasonable attorneys' fees is "committed to the sound discretion of a trial judge . . . but the judge's discretion is not unlimited. It is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement.").

### C.    Vaccine Rule 8

Vaccine Rule 8(f) addresses the waiver of a fact or argument on review of a special master's decision. Specifically, this rule provides that:

**(f) Waiver of a Fact or Argument.**

**(1) In General.** Any fact or argument not raised specifically in the record before the special master will be considered waived and cannot be raised by either party in proceedings on review of a special master's decision.

**(2) Exception.** This rule does not apply to legal arguments raised by the party that stands in the role of the appellee on review.

8

Vaccine Rule 8(f).  The Federal Circuit has held that any argument that is not raised specifically in the record before the special master will be considered waived under Vaccine Rule 8(f) and cannot be raised by either party in proceedings on review of a special master's decision.  *Davis v. Sec'y of HHS*, 409 Fed. App'x. 342, 344 (Fed. Cir. 2011) (declining to consider arguments challenging the constitutionality of the Vaccine Act's statute of limitations on appeal because the arguments were not raised before the special master); *Weddel v. Sec'y of HHS*, 23 F.3d 388, 390 n.2. (Fed. Cir. 1994) (noting that any argument not raised before the special master shall be considered waived under Vaccine Rule 8(f)); s*ee also McMillan v. Sec'y of HHS*, 26 Cl. Ct. 357, 358-59 (1992) (holding that respondent waived right to raise specific objections to a fee petition under Vaccine Rule 8(f), when respondent failed to raise any objections to the petition during the proceedings before the special master).

## IV.    LEGAL ANALYSIS

In his petition for review, the Secretary argues that the special master "abused his discretion when he failed to make a finding regarding the reasonableness of petitioner's application for attorneys' fees and costs."  *See* Resp't Mot. for Rev. at 1.  In addition, the Secretary argues that the special master's decision not to make an independent determination regarding the reasonableness of petitioner's application for attorneys' fees and costs constitutes an "improper abdication of [the special master's] duty" under the Vaccine Act.  *See* Resp't Mot. for Rev. Memo. at 4.  And so, the Secretary requests that the Court set aside the special master's December 13, 2017, Decision and remand this matter to the special master for a determination on the reasonableness of petitioner's attorneys' fees and costs.  *See id.* at 20.

Petitioner counters that the Court should not set aside the special master's December 13, 2017, Decision, because doing so would prejudice petitioner, and that the Secretary has waived any arguments disputing the award of the full amount of his attorneys' fees and costs under Vaccine Rule 8(f).  *See* Pet'r Resp. to Resp't Mot. for Rev. at 2-7.  Petitioner also argues that the Court should deny the Secretary's motion for review, because petitioner has provided sufficient evidence to show the reasonableness of his attorneys' fees and costs, and the special master determined the reasonableness of these fees and costs, when the special master addressed petitioner's request for an award of interim fees and costs.  *Id.* at 7-9.

For the reasons discussed below, the evidentiary record in this matter shows that the Secretary has not waived the argument that the special master abused his discretion by failing to make a determination regarding the reasonableness of petitioner's application for attorneys' fees and costs.  The evidentiary record also shows that the special master abused his discretion by awarding attorneys' fees and costs to petitioner without making a determination about the reasonableness of the fees and costs.

In addition, the evidence in this matter shows that special master's error was harmless, because petitioner has put forward sufficient evidence to demonstrate that the amount of attorneys' fees and costs awarded by the special master is reasonable.  And so, the Court grants-in-part and denies-in-part the Secretary's motion for review and sustains the decision of the special master to grant in full petitioner's request for $162,044.12 in attorneys' fees and costs.

### A.        The Secretary Has Not Waived His Argument

In his motion for review, the Secretary seeks to set aside the special master's decision to award attorneys' fees and costs to petitioner upon the ground that the special master abused his discretion by failing to make an independent finding regarding the reasonableness of petitioner's attorneys' fees and costs.  Resp't Mot. for Rev. at 1.  Because the Vaccine Rules, generally, require that any argument not previously raised by a party in front of the special master not be considered on review by this Court, the Court first examines whether the Secretary can raise this argument in his motion for review.  *See* Vaccine Rule 8(f).

In this regard, the Secretary argues that he may raise the argument presented in the motion for review, because he "explicitly raised the central argument presented in his [motion for review]" during the proceedings before the special master.  Resp't Supp. Br. at 2.  Specifically, the Secretary contends that he argued during the proceedings before the special master that "neither the Vaccine Act nor the Vaccine Rules require [him] to file a response to a fee application" and that "the special master's duty to determine a reasonable award of attorneys' fees and costs operates independently from whether or not [the Secretary] raises any objection(s) to the application."  *Id*.  And so, the Secretary also contends that he has properly preserved this argument for the Court to conduct its review.  *Id.* at 1-4.  The Court agrees.

It is well-established that Vaccine Rule 8(f) provides that any fact or argument not raised by the party in front of the special master cannot be considered on review by this Court. *See* Vaccine Rule 8(f). Specifically, this rule provides that:

**(f) Waiver of a Fact or Argument.**

> **(1) In General.** Any fact or argument not raised specifically in the record before the special master will be considered waived and cannot be raised by either party in proceedings on review of a special master's decision.

> **(2) Exception.** This rule does not apply to legal arguments raised by the party that stands in the role of the appellee on review.

*Id.* And so, to raise the argument that the special master abused his discretion by failing to make an independent reasonableness assessment, the Secretary must point to specific evidence in the record to show that this argument has been "adequately presented to the special master." *See Davis*, 409 F. App'x at 344.

The evidentiary record shows that, in his October 20, 2017, response to petitioner's application for attorneys' fees and costs, the Secretary argued that:

> Neither the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs.

> Indeed, as the Court of Federal Claims has recently held, in the Vaccine Program "'it is clear that petitioner bears the burden of proof, and respondent in fact is not required to make any objection for the special master to deny fees and costs. . . .'"

Resp't Resp. to Pet'r Mot. for Att'y Fees at 1 (quoting *Scharfenberger*, 124 Fed. Cl. at 234 ). And so, the evidentiary record makes clear that the Secretary presented the argument that he had no obligation to raise any objections to petitioner's fee application before the special master. *Id.*

The evidentiary record also shows that the Secretary presented the argument that the special master has an independent duty to make a reasonableness determination regarding petitioner's application for attorneys' fees and costs to the special master. In his response to petitioner's fee application, the Secretary argued that "[t]he Federal Circuit has made it clear that 'the determination of the amount of reasonable fees is within the special master's discretion.'" *Id*. at 2 (quoting *Saxon v. HHS*, 3 F.3d 1517, 1520 (Fed. Cir. 1993)). The Secretary also

requested that the special master "exercise his discretion in this case and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

But, as petitioner correctly observes in his response and opposition to the Secretary's motion for review, the Secretary did not specifically raise the argument that the Secretary's approach to fee litigation is rooted in Supreme Court and Federal Circuit case law during the proceedings before the special master.  Pet'r Resp. to Resp't Mot. for Rev. at 5-7; *see generally* Resp't Resp. to Pet'r Fee App.  Nonetheless, the Court finds that the Secretary's argument in this regard simply expands upon the core argument that the Secretary did present to the special master—that the special master must independently determine the reasonableness of petitioner's fee application under the Vaccine Act regardless of whether the Secretary raises any objections to the application.  Resp't Resp. to Pet'r Fee App at 1-3.  And so, the Court concludes that the Secretary has not waived the argument that he raises in the motion for review under Vaccine Rule 8(f).

### B.      The Special Master Abused His Discretion

Because the Court concludes that the Secretary has not waived the argument that the special master abused his discretion by failing to make a reasonableness determination regarding petitioner's application for attorneys' fees and costs, the Court next examines whether the special master erred in failing to make such a determination before awarding these fees and costs to petitioner in this case.

In the motion for review, the Secretary argues that he has no obligation to make any objections to petitioner's application for fees and costs under the Vaccine Act, and that the special master must exercise discretion to determine the reasonableness of fees and costs requested, even when the Secretary declines to make objections to the fee application.  Resp't Mot. for Rev. Memo. at 5-12.[5]  For the reasons discussed below, the Court agrees that the special master has an independent obligation to make a determination regarding the reasonableness of

---

[5] The Secretary also makes several other arguments to support why he has no obligation to object to fee applications under the Vaccine Rules and Supreme Court and Federal Circuit precedent.  Resp't Mot. for Rev. Memo. at 5-12.  Because the Court reads the Vaccine Act to require that the special master independently make a reasonableness determination regardless of whether the Secretary makes objections to a fee application, the Court does not address these arguments.

petitioner's application for attorneys' fees and costs.  And so, the Court grants the Secretary's motion for review with respect to this issue for the reasons discussed below.

To determine whether the Vaccine Act requires that special masters independently determine the reasonableness of a fee application, the Court must begin its analysis by examining the text of the Vaccine Act's attorneys' fee provision set forth in Section 15(e) of the Act. *Flowers v. Sec'y of HHS*, 49 F.3d 1558, 1560 (Fed. Cir. 1995) (statutory interpretation begins with the language of the statute); *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450, 122 S. Ct. 941, 151 L.Ed.2d 908 (2002) (in a statutory construction analysis, the first step is "'to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.") (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S. Ct. 843, 136 L.Ed.2d 808 (1997)).  A reading of Section 15(e) makes clear that the Vaccine Act requires that special masters independently determine whether attorneys' fees and costs are reasonable before awarding such fees and costs.

In this regard, Section 15(e)(1) provides that:

> In awarding compensation on a petition filed under section 300aa-11 of this title the special master or court shall also award as part of such compensation an amount to cover—
>
> > (A) reasonable attorneys' fees, and
> >
> > (B) other costs,
>
> incurred in any proceeding on such petition.  If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

42 U.S.C. § 300aa-15(e)(1).  Section 15(e) expressly states that "the special master or court shall also award" reasonable attorneys' fees and other costs when awarding compensation on a petition.  *Id*.  This statutory provision similarly provides that "the special master or court may award" such fees and costs when no compensation is awarded to a petitioner.  *Id*.  And so, the Court reads Section 15(e) to clearly place a duty upon the special master or the Court to

independently determine whether the amount of the attorneys' fees and other costs requested is reasonable.  42 U.S.C. § 300aa-15(e)(1).

The Court's reading of Section 15(e) is reinforced by the case law in this area.  In *Saxton v. Sec'y of HHS*, the Federal Circuit recognized that the Vaccine Act's attorneys' fees provision requires that "the trial forum must determine what fee is 'reasonable.'"  *Saxton*, 3 F.3d at 1521. The Federal Circuit has also held that special masters have wide discretion in determining the amount of reasonable attorneys' fees and that the special masters' determinations are afforded deference.  *Id.*; s*ee also Perreira v. Sec'y of Dep't of HHS*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994); *Hines on Behalf of Sevier v. Sec'y of Dep't of HHS*, 22 Cl. Ct. 750, 753 (1991).

This Court has also recently held that a special master abused his discretion by failing to conduct an independent review and make a determination regarding whether a fee award met the Vaccine Act's reasonableness requirement.  *Dominguez*, 2018 WL 1514447, at *4.  Other courts have similarly interpreted other federal statutes that provide for the award of reasonable attorneys' fees to require that the trial forum independently determine whether the amount of attorneys' fee and costs requested is reasonable.  *See, e.g., Broyles v. Dir., Office of Workers' Comp. Programs*, 974 F.2d 508, 510 (4th Cir. 1992) (citing the Longshore and Harbor Workers' Compensation Act's requirement that fees awarded be reasonable and holding that the trial court has the responsibility to determine whether fees sought are reasonable); *Jordan v. Mark IV Hair Styles*, 806 F.2d 695, 697-98 (6th Cir. 1986) (citing the Civil Rights Attorney's Fees Awards Act and holding that even where there is no objection that the trial court has the responsibility to ensure the award is reasonable); *Am. Petroleum Inst. v. EPA*, 72 F.3d 907, 911-12 (D.C. Cir. 1996) (citing the Clean Air Act, holding that courts "are duty bound to recall that Congress required [them] to exercise [their] independent judgment on reasonableness of fees requested before taxing them against the United States").  The special master's duty to independently determine the reasonableness of requested attorneys' fees is also consistent with the well-established principal that the special master has discretion to "adjust an attorney fee award downward *sua sponte*, even if the opposing party has not lodged an objection in support of the reduction."  *Dominguez*, 2018 WL 1514447, at *4; *see also Sabella*, 86 Fed. Cl. at 208-09 (rejecting argument that *sua sponte* reduction in fees deprives the fee applicant the ability to offer evidence in support of the reasonableness of her request); *Scharfenberger*, 124 Fed. Cl. at

234 (noting that "'petitioner bears the burden of proof, and respondent in fact is not required to make any objection for the special master to deny fees and costs'").

Indeed, this duty is also in accordance with the Court's Vaccine Rules. As this Court recently recognized, Vaccine Rule 13, which addresses the award of attorneys' fees and costs, imposes no obligation on the Secretary to respond to fee applications. *Dominguez*, 2018 WL 1514447, at *5; *see also* Vaccine Rule 13. Similarly, "[Vaccine] Rule 20 does not provide that a failure to respond [to a fee application] will result in a default ruling as to an application for an award of attorneys' fees." *Id.* at *5.

Given this, the record evidence in this case shows that the special master abused his discretion by failing to make an independent determination regarding the reasonableness of petitioner's application for attorneys' fees and costs before granting in full petitioner's application. *See generally* December 13, 2017, Decision.

### C.    The Special Master's Error Was Harmless Because Petitioner's Fees And Costs Are Reasonable

While the record evidence makes clear that the special master erred in awarding attorneys' fees and costs to petitioner, without first making a determination that the amount of these fees and costs were reasonable, the record evidence in this matter also shows that this error was harmless because the amount of attorneys' fees and costs awarded to petitioner is reasonable.

It is well-established that petitioner bears the burden of proving that the amount of the attorneys' fees that he seeks is reasonable. *See Lolley v. United States*, 18 Cl. Ct. 498, 507 (1989) ("The fee applicant carries the burden of proof.").[6]   And so, petitioner must provide "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11; *see also Wasson*, 24 Cl. Ct. at 484 ("The petitioner bears the burden of establishing the hours expended, the rates

---

[6] The Court determined in the July 27, 2017, Memorandum Opinion and Order that petitioner was eligible to recover reasonable attorneys' fees and costs under Section 15(e) of the Vaccine Act, because petitioner brought this action in good faith and there was a reasonable basis for petitioner's claim. *Spahn v. Sec'y of HHS*, 133 Fed. Cl. 588, 605 (2017).

charged, and the expenses incurred.") (citing *Hensley*, 461 U.S. at 437); *see also Torday*, 2011 WL 2680687 at *7 ("[I]t is clear that petitioner bears the burden of proof, and respondent in fact is not required to make any objection for the special master to deny fees and costs . . ."); *Hensley*, 461 U.S. at 433-34 (quoting *Copeland v Marshall*, 205 U.S. App. D.C. 390, 401 (D.C. Cir. 1980)) (petitioner's counsel must make a good-faith effort to exclude hours that are "excessive, redundant, or otherwise unnecessary" as "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.").

    In addition, the Federal Circuit has endorsed the lodestar method to calculate attorneys' fees. *See Avera*, 515 F.3d at 1347. Under this method, a special master or the Court must first determine an initial estimate of reasonable fees by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See id.* at 1347-48. A reasonable hourly rate is defined as "'the prevailing market rate'" in the "'community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 1348 (quoting *Blum*, 465 U.S. at 896 n. 11). And so, after making this initial estimate, the special master or the Court "may then make an upward or downward departure to the fee award based on other specific findings." *Id.* at 1348.

    Notably, the Federal Circuit has also recognized that special masters and the Court may rely upon prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee application, and that special masters and the Court are not required to rely upon the specific objections raised by the Secretary. *See Saxton*, 3 F.3d at 1521 (holding it was "within the special master's discretion to reduce the hours to a number that, in his experience and judgement, was reasonable for the work done"); *Sabella*, 86 Fed. Cl. at 211 ; *see also Wasson*, 24 Cl. Ct. at 484, 485-86 (holding that, in determining the reasonable number of hours expended in any given case, special masters may rely on their experience with the Vaccine Act and its attorneys, without basing their decisions on a line-by-line examination of the fee application). The Supreme Court has also held that "trial courts need not, and indeed should not, become green-eyeshade accountants" in determining the reasonable amount of attorneys' fees. *Fox v. Vice*, 563 U.S. 826, 838 131 S. Ct. 2205, 2216 (2011). And so, special masters and judges of this Court "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id*.

In this case, petitioner filed an application for attorneys' fees and costs requesting an award of attorneys' fees and costs in the amount of $162,044.12. *See* Pet'r Mot. for Att'y Fees at 5. In support of this fee application, petitioner submitted exhibits explaining: (1) the amount of attorney hours expended; (2) the costs incurred; and (3) the applicable attorney hourly billing rates. *See id.* at Ex. 3-5; *see also* Pet'r Resp. to Resp't Mot. for Rev. at 7-8.

In this regard, petitioner's attorney, Paul S. Dannenberg, represents that he charged a rate of $250 per hour during the period 2008-2014, and $275 per hour during the period from 2015 to the present. *See* Pet'r Mot. for Att'y Fees at 1. Petitioner has submitted an affidavit from his attorney to support the requested hourly rates. *See id.* at Ex. 1-2. Petitioner has also submitted affidavits from other attorneys who practice law in the same jurisdiction that state that these attorneys have charged between $250 and $325 per hour for similar services. *See id.* at Ex. 2.

The Secretary does not object to petitioner's fee application. *See* Resp't Resp. to Pet'r Fee App. at 2. The Secretary has also stated that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *See id.*

The Court has reviewed the billing records and affidavits submitted with petitioner's fee application. In the Court's experience, the requested attorneys' fees and costs appear to be reasonable, particularly in light of the length of this multi-year litigation. Given this, the Court finds no cause to reduce the requested hours or rates.[7]

And so, based upon the reasonableness of petitioner's fee application, the Court concurs with the decision of the special master to award attorneys' fees and costs to petitioner in the amount of $162,044.12.[8]

---

[7] A review of the billing records submitted by petitioner indicates that petitioner may not have included 9.3 billable hours in the calculation of the attorneys' fees requested. Because "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection," the Court will not alter the amount of the attorneys' fees requested by petitioner. *Fox v. Vice*, 563 U.S.826, 838, 131 S. Ct. 2205, 2216 (2011).

[8] The Court has carefully considered whether to remand this matter to the special master to determine the reasonableness of petitioner's fee application as the Secretary requests, rather than to reach its own legal conclusions regarding the reasonableness of petitioner's fee application. In this case, the Secretary's request that the Court decide a narrow issue of law regarding the interpretation of Section 15 of the Vaccine Act and the underlying factual issues regarding petitioner's fee application are both well-developed and not in dispute. *See generally* Resp't Mot. for Rev.; Pet'r Resp. to Resp't Mot. for Rev. As the Court observed in the July 27, 2017, Memorandum Opinion and Order, the special master denied

V.      **CONCLUSION**

In sum, the record evidence in this matter shows that the Secretary has not waived the argument that the special master abused his discretion by failing to make a determination regarding the reasonableness of petitioner's application for attorneys' fees and costs, before awarding such fees and costs in this matter.  The evidentiary record also shows that the special master abused his discretion by awarding attorneys' fees and costs to petitioner without making a determination about the reasonableness of these fees and costs.  Nonetheless, the record evidence also shows that special master's error was harmless, because petitioner has put forward sufficient evidence to demonstrate that the amount of attorneys' fees and costs awarded by the special master is reasonable.

And so, for the foregoing reasons, the Court:

1.      **GRANTS-IN-PART** and **DENIES-IN-PART** the Secretary's motion for review of the special master's December 13, 2017, Decision and **SUSTAINS** the decision of the special master to grant in full petitioner's application for attorneys' fees and costs; and

2.      Awards a total of **$162,044.12**, representing a reimbursement of attorneys' fees and other costs available under 42 U.S.C. § 300aa-15(e), to petitioner and petitioner's counsel, Paul S. Dannenberg.

The Clerk is directed to enter judgment accordingly.

Each party to bear its own costs.

Some of the information contained in this Memorandum Opinion and Order may be considered privileged, confidential, or sensitive personally-identifiable information that should be protected from disclosure.  And so, this Memorandum Opinion and Order shall be **FILED UNDER SEAL**.  The parties shall review the Memorandum Opinion and Order to determine whether, in their view, any information should be redacted prior to publication.  The parties shall also **FILE**, by **July 6, 2018**, a joint status report identifying the information, if any, that they

---

petitioner's claim in 2014 and the resolution of this litigation has been long delayed.  *Spahn*, 133 Fed Cl. at 606-07.  Given this, the Court will spare the parties further litigation by making its own finding regarding the reasonableness of petitioner's fee application.  *See Davis v. Sec'y of HHS*, 105 Fed. Cl. 627, 637 (2012); *see also* RCFC 1.

contend should be redacted, together with an explanation of the basis for each proposed redaction.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge