# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
FORREST Q. SPAHN,                     *
                                      *   No. 09-386
            Petitioner,               *   Special Master Christian J. Moran
                                      *
v.                                    *   Filed: March 1, 2019
                                      *
SECRETARY OF HEALTH                   *   Attorneys' Fees and Costs
AND HUMAN SERVICES,                   *
                                      *
            Respondent.               *
* * * * * * * * * * * * * * * * * * * **
```

Paul S. Dannenberg, Huntington, VT, for Petitioner;
Voris E. Johnson, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On November 30, 2018, petitioner Forrest Q. Spahn moved for final attorneys' fees and costs. He is awarded $15,350.95.

\* \* \*

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

The extensive history of this case has previously been addressed by the Court of Federal Claims. See Spahn v. Sec'y of Health & Human Servs., 138 Fed. Cl. 252 (Fed. Cl. 2018). The undersigned will therefore only provide the relevant facts that have transpired since that decision was issued.

On November 30, 2018, petitioner filed a motion for final attorneys' fees and costs ("Fees App."), covering the period of time from January 12, 2018 to the date of filing. Fees App. at 2. Petitioner requests attorneys' fees of $15,345.00 and attorneys' costs of $5.95 for a total request of $15,350.95. Although respondent was to file a response brief by December 14, 2018, he declined to do so. Petitioner did not file a reply. The matter is now ripe for adjudication.

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The undersigned has previously found that good faith and reasonable basis exist in this matter. Accordingly, an award of final attorneys' fees and costs is proper.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

\*   \*   \*

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this

general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

The undersigned has reviewed the requested rates and finds them consistent with what Mr. Dannenberg has previously been awarded for his work in this case. Therefore, no adjustment is required.

    B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the billing records and finds the number of hours billed (55.8) reasonable. These hours include drafting two appeals briefs, including a response to respondent's motion for review, and supplemental briefing of the issues ordered by the Court of Federal Claims. Petitioner has submitted a sufficiently detailed billing statement which describes the work performed. Accordingly, petitioner is entitled to the full amount of attorneys' fees sought, **$15,345.00**.

    C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioners request a total of $5.95 in costs for postage. The undersigned finds this cost reasonable and shall award it in full.

    E.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$15,350.95** (representing $15,345.00 in attorneys' fees and $5.95 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and his counsel, Mr. Paul Dannenberg, Esq.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.